**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:93-cr-00091-HDM-VPC |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| CARLOS RIOS-HERNANDEZ, | ) | |
| Defendant. | ) | |

    Before the court is the defendant's motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) (#207). The government has responded (#210). Defendant filed an untimely reply in which he asserted a new argument (#211). As directed by the court, the government filed a response to the defendant's reply (#213). Defendant has not filed another reply, and the time for doing so has expired.

    On September 14, 1994, judgment was entered against the defendant. The judgment followed a jury trial in which the defendant was found guilty on all counts of a ten-count indictment that charged, among other things, controlled substance offenses involving methamphetamine and marijuana. Defendant appealed the court's sentence, and the Ninth Circuit affirmed.

    On March 5, 2008, the defendant filed a motion for adjustment

1

1  of term of incarceration or reduction of term.  The court denied
2  the motion, noting that the time for filing any appeal, however
3  construed, had passed.  *See* Fed. R. Crim. P. 32; Fed. R. Crim. P.
4  33; Fed. R. Crim. P. 35; Fed. R. App. P. 4; 28 U.S.C. § 2255.
5  Defendant has now filed another motion to modify the term of his
6  imprisonment, this time invoking 18 U.S.C. § 3582(c)(2) and
7  Amendment 484 to the United States Sentencing Guidelines
8  ("U.S.S.G." or "Guidelines").
9       Section 3582(c)(2) provides that where a defendant "has been
10 sentenced to a term of imprisonment based on a sentencing range
11 that has subsequently been lowered by the Sentencing Commission . .
12 . the court may reduce the term of imprisonment." Under Amendment
13 484, note 1 to U.S.S.G. § 2D1.1 was revised to make clear that the
14 weight of a mixture of substance does not include materials that
15 must be separated from the controlled substance before it can be
16 used.
17      Although Amendment 484 was made retroactively applicable, *see*
18 U.S.S.G. § 1B1.10(c), the amendment was in effect at the time
19 defendant was sentenced.  No other changes to the Guidelines have
20 otherwise reduced the range for defendant's sentence.  Accordingly,
21 the sentencing range was not lowered subsequent to the imposition
22 of defendant's sentence, and he is ineligible for relief under §
23 3582(c).
24      Defendant recognizes that Amendment 484 was effective when he
25 was sentenced but argues that he "never received benefit from
26 'Amendment 484' [and his] counsel fail[ed] to mention this during
27 his appeal."  Defendant is essentially arguing ineffective
28 assistance of counsel, which is a cognizable claim under 28 U.S.C.

2

§ 2255.  However, as noted by the court in its order denying defendant's first motion to modify his term of imprisonment, the time for filing a motion under § 2255 has long since expired.  *See id.* § 2255(f).  To the extent the defendant is arguing the court erred in computing his sentence, such objection should have been raised on direct appeal.  Finally, nothing in the record supports defendant's assertion that substances that should not have been included were included in the court's determination of the weight of marijuana and methamphetamine attributable to him.

In his reply, defendant asserts a new basis for adjusting his sentence under 18 U.S.C. § 3582(c)(2).  Specifically, defendant argues that he is entitled to relief because Amendment 505, which went into effect after he was sentenced, lowered the Guidelines range for his crime.  The government responds that Amendment 505 did not alter defendant's offense level, and therefore he is not entitled to relief.

Section 2D1.1 of the Guidelines sets forth different base offense levels depending on the amount of drugs involved in a crime.  Before Amendment 505 went into effect, the base offense level for violations involving more than 300,000 kilograms of marijuana was 42.  The base offense level for offenses involving between 100,000 and 300,000 kilograms of marijuana was 40.  And the base offense level for violations involving between 30,000 and 100,000 kilograms of marijuana was 38.  Since Amendment 505 has gone into effect, all violations involving more than 30,000 kilograms of marijuana have a base offense level 38.  U.S.S.G., app'x C, Vol. I, am. 505.  Amendment 505 thus reset the upper limit of the base offense levels in § 2D1.1, from 42 to 38.  It did not

3

change the base level for offenses involving between 30,000 and 100,000 kilograms of marijuana.  *Id.*

Defendant's offense involved the equivalent of 47,958.44 kilograms of marijuana.  *See* Defendant's Presentence Report ¶30.  Accordingly, his base level offense was 38.  *See id.*  If defendant were to be resentenced today, his base offense level would still be 38.  Accordingly, Amendment 505 did not lower the guidelines' range for defendant's offense, and he is not entitled to relief pursuant to § 3582(c)(2).

No other basis exists for this court's modification of defendant's sentence.  Accordingly, the defendant's motion to modify the term of imprisonment (#207) is **DENIED.**

**IT IS SO ORDERED.**

DATED: This 26th day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE

4