**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:93-cr-00091-HDM-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CARLOS RIOS-HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

  Before the court is the defendant's motion to dismiss the indictment (#217).

  On October 20, 1993, an indictment was issued charging defendant Carlos Rios-Hernandez ("defendant") with various drug trafficking crimes. On March 11, 1994, a jury found defendant guilty on all counts. On September 14, 1994, the court sentenced defendant and entered its judgment of conviction. Defendant appealed the conviction, and the Ninth Circuit affirmed.

  On April 7, 1997, the defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255 (#184). The court denied defendant's motion and denied a certificate of appealability (#189, #194). The Ninth Circuit also denied defendant a certificate of appealability (#196).

On September 9, 2013, the defendant moved to dismiss the indictment.

In general, a motion to dismiss the indictment must be filed before trial. Fed. R. Crim. P. 12(b)(3). However, "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." *Id*. Here, defendant argues that the indictment failed to state an offense on the grounds that it failed to give notice of the type and quantities of drugs. Although the court could consider such an assertion while the defendant's case remains "pending," several courts have held that a case is no longer "pending" within the meaning of Rule 12(b) after the judgment becomes final. *See United States v. Wellons*, 289 F. App'x 383, 384 (11th Cir. 2008) (unpublished disposition) (motion to dismiss filed seven years after judgment became final was properly denied); *United States v. Felder*, 220 F. App'x 951, 952 (11th Cir. 2007) (unpublished disposition) (district court was without subject matter jurisdiction to consider motion to dismiss indictment filed thirteen years after the Supreme Court denied petition for certiorari); *United States v. Preciado- Quinonez*, 53 F. App'x 6, 7 (10th Cir. 2002) (unpublished disposition) ("We have repeatedly held that a motion to dismiss an indictment, pursuant to Fed. R. Crim. P. 12(b)(2), must be filed before final judgment; after that time a pleading challenging the adequacy of an indictment is properly deemed a § 2255 motion."). Defendant's judgment has been final for at least seventeen years. (*See* Doc. #157). His motion to dismiss the indictment is therefore untimely, and the court may not consider it.

2

Defendant's motion could be construed as a motion to vacate under 28 U.S.C. § 2255. *See id.*; *United States v. Nelson*, 177 F. Supp. 2d 1181, 1188-89 (D. Kan. 2001). However, as defendant has filed a § 2255 motion once before, the instant motion would be second or successive. The court may not consider a second or successive § 2255 motion absent a certificate from the Court of Appeals authorizing it to do so. 28 U.S.C. § 2255(h); id. § 2244; *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011). No such certificate has been filed in this case. Accordingly, as the Ninth Circuit has not authorized the filing of a second or successive § 2255 petition in this case, this court is without jurisdiction to consider defendant's motion to the extent it may be construed as a § 2255 petition.

The defendant's motion to dismiss the indictment (#217) is **DENIED** as untimely. To the extent defendant's motion is considered a § 2255 petition, the petition is dismissed.

**IT IS SO ORDERED.**

DATED: This 10th day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE

3